IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALVIN WILLIAMS,                    )    CASE NO. 1:15 CV 185
                                   )
                Plaintiff,         )
                                   )    MAGISTRATE JUDGE
        v.                         )    WILLIAM H. BAUGHMAN, JR.
                                   )
COMMISSIONER OF SOCIAL             )
SECURITY,                          )    **MEMORANDUM OPINION AND**
                                   )    **ORDER**
                Defendant.         )

## Introduction

**A.      Nature of the case and proceedings**

This is an action by Alvin D. Williams under 42 U.S.C. § 405(g) for judicial review

of the final decision of the Commissioner of Social Security denying his application for

supplemental security income ("SSI").[1] The parties have consented to my jurisdiction.[2] The

Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under the

---

[1] ECF # 1.

[2] ECF # 12.

[3] ECF # 8.

[4] ECF # 9.

requirements of my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] After review of the briefs, the issues presented, and the record, it was determined that this case can be decided without oral argument.

**B.      Background facts and decision of the Administrative Law Judge ("ALJ")**

Williams, who was 48 years old at the time of the administrative hearing,[10] has a GED[11] and lives with his sister and her husband.[12]  He has not worked since 1987, due to his left leg being amputated as a result of a gun shot wound.[13]   Williams was previously receiving disability benefits, but lost them when he was sent to jail.[14] He therefore, has no past relevant work history.[15]

---

[5] ECF # 5.

[6] ECF # 10.

[7] ECF # 16-1 (Williams's brief), ECF # 23 (Commissioner's brief).

[8] ECF # 16-2 (Williams's charts), ECF # 23-1 (Commissioner's charts).

[9] ECF # 15 (Williams's fact sheet).

[10] *Id.*

[11] *Id.*

[12] ECF # 9, Transcript of Proceedings ("Tr.") at 44.

[13] *Id*. at 39-40.

[14] *Id.* at 53 and 83.

[15] *Id.* at 26.

The Administrative Law Judge ("ALJ") found that Williams had the following severe impairments: left leg amputation; s/p hx of right knee fracture.[16] The ALJ decided that the relevant impairments did not meet or equal a listing.[17] The ALJ made the following finding regarding Williams's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except:
>
> - He is limited to lifting up to 20 pounds occasionally and up to 10 pounds frequently, standing/walking for about 4 hours and sitting for up to 6 hours in an 8 hour workday; with normal breaks.
> - He is limited to occasionally climbing ramps and stairs and never climbing ladders, ropes of scaffolds.
> - He is limited to occasionally balancing, stooping, crouching, and never kneeling or crawling.
> - He is limited to no pushing or pulling or use of foot controls with the left lower extremity.
> - He must avoid all exposure to hazardous machinery, unprotected heights, and commercial driving.
> - The claimant requires a sit/stand option for 1-2 minutes duration every hour without being off task.
> - In addition, the claimant will be off task 5% of the time.[18]

The ALJ found that Williams has no past relevant work[19]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing incorporating the RFC finding quoted above, the ALJ determined that a significant

---

[16] *Id.* at 20.

[17] *Id.* at 22.

[18] *Id.*

[19] *Id.* at 26.

number of jobs existed locally and nationally that Williams could perform.[20] The ALJ,

therefore, found Williams not under a disability.[21]

The Appeals Council denied Williams's request for review of the ALJ's decision.[22]

With this denial, the ALJ's decision became the final decision of the Commissioner.[23]

## C.     Issues on judicial review and decision

Williams asks for reversal of the Commissioner's decision on the ground that it does

not have the support of substantial evidence in the administrative record. Specifically,

Williams presents the following issues for judicial review:[24]

- •      Whether the ALJ's credibility assessment is supported by substantial
       evidence.

- •      Whether    the ALJ committed substantial error in failing to
       appropriately assess the claimant's diagnosed pain conditions.

For the reasons that follow, I conclude that the ALJ's no-disability finding has the

support of substantial evidence. The denial of Williams's application will be affirmed.

---

[20] *Id.*

[21] *Id.* at 27.

[22] *Id.* at 1.

[23] *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011); 20 C.F.R. §§ 404.981 and 416.1481.

[24] ECF # 16-1 at 1.

# Analysis

**A.      Standards of review**

*1.      Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable

to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[25]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds

could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[25] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[26] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[27]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

### 2.    *Claims of disabling pain*

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[28]

The Social Security Administration has recognized by policy interpretation ruling and regulation that, even in the absence of such objective medical evidence, a claimant may experience pain severe enough to impose limitations on the capacity for work.[29]  In such cases, the ALJ must evaluate the credibility of the claimant's allegations of pain and pain-induced limitations.[30]

---

[26] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[27] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[28] *Swain*, 297 F. Supp. 2d at 988-89.

[29] *Id.* at 989, quoting Soc. Sec. Ruling (SSR) 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483, 34484 (July 2, 1996), and 20 C.F.R. § 416.929(c)(2).

[30] *Id.*

The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess his subjective complaints.[31]  A court may not disturb the ALJ's credibility determination absent compelling reason.[32]

The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain;  precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[33]  If the ALJ rejects the claimant's complaints as incredible, he must clearly state his reasons for doing so.[34]

As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration.  The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[35]  Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his claim.

---

[31] *Buxton*, 246 F.3d at 773.

[32] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[33] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

[34] *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

[35] 20 C.F.R. § 404.1529(c)(3).

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence.  When a claimant presents credible evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.  The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad.

Unlike the requirement that the ALJ state good cause for discounting the opinion of a treating source, the regulation on evaluating a claimant's subjective complaints contains no express articulation requirement.  The obligation that the ALJ state reasons for rejecting a claimant's complaints as less than credible appears to have its origin in case law.[36]  The Social Security Administration has recognized the need for articulation of reasons for discounting a claimant's credibility in a policy interpretation ruling.

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible."  It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.[37]

---

[36] *Felisky*, 35 F.3d at 1036; *Auer v. Sec. of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987).

[37] SSR 96-7p, 61 Fed. Reg. at 34484.

**B.      Application of standards**

In this case Williams contends that the ALJ erred by not properly crediting his claims of debilitating pain arising from the 1987 amputation of the lower part of his left leg.[38] Williams essentially argues that the ALJ's questions at the hearing reflected a "biased, intentional effort to skew the evidence" to support a finding that he was a malingerer,[39] and further that the ALJ failed to assess the claims of pain under the specific factors set out in the regulations.[40]

As to the first contention, Williams maintains that the ALJ improperly assumed that Williams's testimony that he has not attempted to work since the amputation meant that he was fully able to work, but chose not to do so.[41] Rather, he asserts, he did not work because he was either receiving disability benefits or incarcerated, and then did not seek employment upon his release because he did not believe he could be hired while having one leg.[42] Thus, he contends, it was erroneous of the ALJ to conclude that Williams's lack of employment was due to "self-limiting"factors.[43]

---

[38] *See*, tr. at 39.

[39] ECF # 16-1 at 8.

[40] *Id*. at 10-11.

[41] *Id*. at 9.

[42] *Id*.

[43] *Id*. at 10.

As regards the second issue, Williams maintains that the ALJ failed to analyze his complaints of pain in the context of the regulations, which set forth six factors to be considered in such an analysis.[44] In that regard, Williams disputes the ALJ's findings that no medical evidence for disabling pain exists in the record, and that no medical opinion supports his assertions of disabling pain.[45] He further asserts that the ALJ's purported failure to properly credit his own allegations of pain was compounded by improperly giving excessive weight to medical sources which concluded that any pain was not disabling.[46]

As detailed above, objective medical evidence constitutes the best evidence for determining a claimant's residual functional capacity, even in cases alleging disabling pain. But even when there is no objective evidence for limitations as a result of pain, the regulations acknowledge that subjective pain may result in limitations on a claimant's capacity for work, and in such cases require the ALJ to evaluate the claimant's credibility.

As Williams notes, the regulations set forth factors to be considered in such an analysis. And the case authority mandates that an ALJ clearly state the reasons for the ultimate finding as to credibility.[47] But unlike the requirement that the ALJ state good reasons for discounting the opinion of a treating source, the regulation on evaluating a claimant's subjective complaints of pain has no express articulation requirement.

---

[44] *Id*.

[45] *Id*. at 10-11.

[46] *Id*. at 13-14.

[47] *Felisky v. Brown*, 35 F.3d 1027, 1036 (6th Cir. 1994).

Rather, the applicable regulation states that the ALJ may not make a single, conclusory statement that the claimant's allegations are not credible, nor may the ALJ simply recite the factors before deciding to discount the claims.[48] Instead, the ALJ is to "give specific reasons" for any credibility finding, supported by evidence from the record, and stated with "sufficient specific[ity] to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight."[49]

In that regard, it is well-settled that the ALJ's findings as to credibility are entitled to deference because he has had the opportunity to observe the claimant and assess the subjective complaints.[50] A court may not disturb the ALJ's credibility determination absent a compelling reason.[51]

As such, it is proper for an ALJ to discount a claimant's allegations of disabling pain where such allegations are contradicted in the medical records, by the claimant's own testimony or by other evidence.[52]

Here, I note first that to the extent Williams now seeks a reversal of the decision on the grounds that the ALJ did not specifically articulate on each of the six factors stated in the

---

[48] SSR 96-7p, 61 Fed. Reg. At 34484.

[49] *Id.*

[50] *Buxton* , 246 F.3d at 773.

[51] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[52] *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 392 (6th Cir. 2004).

regulation concerning the evaluation of subjective complaints of pain, such a level of articulation is not required. Rather, as noted above, the requirement is that the ALJ articulate "specific reasons" for any credibility finding, with such reasons stated with "sufficient specific[ity]" that they can be subject to meaningful judicial review.

Here, the ALJ did state several specific reasons for discounting Williams's complaints of disabling pain. First, the ALJ noted that Williams's self reported activities of daily living were not consistent with disabling pain.[53] Further, the ALJ noted a lack of clinical findings to support "claimant's alleged limitations" from pain.[54] While Williams stresses that "nearly every" doctor that examined him confirmed the existence of "chronic pain,"[55] that is not the same thing as saying that the recognized pain is disabling in its intensity.

In fact, as the ALJ pointed out, a May, 2012 report from Dr. Kenneth Frisof, M.D., a treating source, notes that Williams was wearing a leg brace, working as a barber and "standing all day."[56] Further, a June 6, 2012 report from Dr. Michael Harris, M.D., a consultative examiner, found that Williams rated his pain as a 7 out of 10, and was observed to not experiencing discomfort. This rating is a different from just a few months before when Williams scored his pain as a constant 10 out of 10.[57] Moreover, the ALJ noted that Dr. Gary

---

[53] Tr. at 25.

[54] *Id*. at 26.

[55] ECF # 16-1 at 10 (citing record).

[56] Tr. at 23 (citing record).

[57] *Id*. (citing record).

Clark, M.D., a treating physician specializing in pain management, noted in October, 2012 that it was "unclear what the basis is for [Williams's] complaints of increased pain."[58] In addition, as the Commissioner observes, the ALJ also noted examples of Williams seeking increased dosages of Percoset for pain; declining any non-opiate treatment for pain; and even declining "any medical care unless pain meds were involved."[59]

In sum, the ALJ here has supplied multiple specific reasons, stated with more than sufficient specificity and with clear references to the record, to explain why he discounted Williams's complaints of disabling pain. While Williams may point to other evidence which might have produced a different result, nothing he has cited, which would essentially involve me re-weighing the evidence *de novo* already considered by the ALJ, rises to the level of a "compelling" reason needed for me to set aside the credibility finding committed to the ALJ.

## Conclusion

Accordingly, for the reasons stated above, the decision of the Commissioner to deny benefits in this case is affirmed.

IT IS SO ORDERED.

Dated: March 25, 2016                    s/ William H. Baughman, Jr.
                                         United States Magistrate Judge

---

[58] *Id*. at 24 (citing record).

[59] *Id*. at 24-25 (citing record).

-13-